UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

VICTOR BRITO, RODRIGO ROCCON,
PEDRO ROMARIZ and ANTONIO GRASSI,

    Plaintiffs,

v.

TTC MOT, LLC, Florida limited liability company
d/b/a FLORIDA TTC, ROSELENE A. MARSAL,
and JOSEPH E. MARSAL,

    Defendants.

**JURY TRIAL DEMANDED**

_____/

**COMPLAINT FOR DAMAGES**

Plaintiffs, VICTOR BRITO ("BRITO"), RODRIGO ROCCON ("ROCCON") PEDRO ROMARIZ ("ROMARIZ") and ANTONIO GRASSI ("GRASSI") by and through their undersigned attorney, files this, their Complaint for Damages against Defendants, TTC MOT, LLC, a Florida limited liability company d/b/a FLORIDA TTC (hereinafter, "TTC") ROSELENE A. MARSAL (hereinafter "R. MARSAL"), JOSEPH E. MARSAL (hereinafter "J. MARSAL"), and state as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, TTC was

an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the Defendants, TTC, R. MARSAL and J. MARSAL regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated a traffic maintenance company.  Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.  This included equipment, tools, signs and traffic cones.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants is subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants is also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. The Defendants was and continues to be a company and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI were "employee[s]" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant was conducting business in Boca Raton, Palm Beach County, Florida, which is within the Southern District of Florida.

10. At all times material hereto, Defendants were "employer[s]" of Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI, as defined by the FLSA.

11. At all times material hereto, the Defendants knowingly and willfully failed to pay Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI their lawfully earned wages in conformance with the FLSA.

12. The Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

13. At all times material hereto, corporate Defendant, TTC was an "enterprise" engaged in commerce" within the meaning of the FLSA.

14. At all times material hereto, the work performed by Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI was directly essential to the business performed by Defendants.

15. Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. In or about the beginning of August 2019, Plaintiff, BRITO was hired by the Defendants as a maintenance of traffic technician helper. His employment continues to date.

17. Plaintiff, BRITO was paid an hourly rate of $14.00 per hour.

18. On or about the beginning of July 5, 2018, Plaintiff, ROCCON was hired by the Defendants MARSAL as a maintenance of traffic technician. His employment continues to date.

19. Plaintiff, ROCCON was paid an hourly rate of $17.00 per hour and $20 per hour on weekends

20. On or about the beginning of June 28, 2019, Plaintiff, ROMARIZ was hired by the Defendants as a maintenance of traffic technician. His employment continues to date.

21. Plaintiff, ROMARIZ was paid an hourly rate of $16.00 per hour and $20 per hour on weekends

22. On or about the beginning of January 21, 2019, Plaintiff, GRASSI was hired by the Defendants as a maintenance of traffic technician. His employment ended on about October 21, 2020.

23. Plaintiff, GRASSI was paid an hourly rate of $16.00 per hour and $20 per hour on weekends.

24. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI.

25. Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI have retained Bober & Bober, P.A. to represent them in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

26. Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI's employment with the Defendants was to consist of a normal work week for which they should have received time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

28. Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI worked hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half for all of their hours. Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI were entitled to be paid at the rate of time and one-half for all of their hours worked in excess of the maximum hours provided for in the FLSA.

29. Defendants automatically deducted meal breaks from Plaintiffs' work hours and otherwise failed to properly record Plaintiff's work hours and keep FLSA compliant records.

30. Records, if any, concerning the number of hours worked by Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI and the actual compensation paid to Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the precise amount due them.

31. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs, BRITO, ROCCON, ROMARIZ and

GRASSI at the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when they knew or should have known such was due.

32. Defendants failed to properly disclose or apprise Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI of their rights under the FLSA.

33. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI are entitled to liquidated damages pursuant to the FLSA.

34. Due to the willful and unlawful actions of the Defendants, Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

35. Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, BRITO, ROCCON, ROMARIZ and GRASSI respectfully request that judgment be entered in their favor against the Defendants:

    a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiffs overtime compensation in the amount calculated;

    c. Awarding Plaintiffs liquidated damages in the amount calculated;

    d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiffs post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

DATED:  November 25, 2020.

    Respectfully submitted,

    BOBER & BOBER, P.A.
    Attorneys for Plaintiffs
    2699 Stirling Road, Suite-A304
    Hollywood, FL 33312
    Phone: (954) 922-2298
    Fax: (954) 922-5455
    peter@boberlaw.com
    samara@boberlaw.com

    By: */s/. Peter J. Bober*
        FBN:  0122955